UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **EXODUS REFUGEE IMMIGRATION, INC.,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MIKE PENCE,** *et al.,* )<br>)<br>**Defendants.** )  | No. 1:15-cv-1858-TWP-DKL |

*Entry and Order on Nonparty Episcopal Migration Ministries' Petition for Fees* [doc. 95]

*Non-party Episcopal Migration Ministries' Petition for Fees* [doc. 95] comes before the undersigned for ruling. The petition was filed June 1, 2016; Defendants filed their opposition; and Episcopal Migration Ministries (EMM) filed a reply. District Judge Tanya Walton Pratt referred the motion to the undersigned. For the reasons that follow, the petition should be denied.

*Background*

Plaintiff Exodus Refugee Immigration, Inc. brought this action against Defendant Mike Pence, in his official capacity as Governor of the State of Indiana, and Defendant John Wernert, in his official capacity as the Secretary of the Indiana Family and Social Services Administration, challenging the State's suspension of financial assistance to local refugee resettlement agencies for social services provided to Syrian refugees resettling in

Indiana. The Court granted Plaintiff's motion for preliminary injunction, and Defendants have appealed to the Seventh Circuit.

EMM, a not-for-profit religious organization which is the refugee resettlement service of the Episcopal Church, seeks an order requiring Defendants to pay over $11,000 in attorney's fees for the costs and expenses of producing documents in response to a non-party subpoena Defendants served on EMM. The State issued a subpoena duces tecum to EMM on December 11, 2015, seeking production of copies of records requested in a Non-Party Request for Production of Documents. [*See* doc. 95-1.] They sought the following: (1) "All non-privileged documents create since January 1, 2011, about the United States Refugee Resettlement Program"; and (2) "All communication since January 1, 2011, about the Refugee Resettlement Program between any Episcopal Migration Ministries employee or anyone acting on behalf of Episcopal Migration Ministries and [a] any United States government official," [b] "any official or employee of a state of the United States; [c] "any official or employee of the State of Indiana," and [d] "any employee of Exodus Refugee Immigration, Inc." [Doc. 95-1.] The subpoena was issued to EMM at its address in New York, New York, and directed production of documents at Defendants' counsels' offices in Indianapolis, Indiana.

EMM served objections to the subpoena on Defendants on December 18, 2015, within the time allowed for doing so under Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(d)(2)(B). [*See* doc. 95-2.] EMM outlined its numerous objections and requested Defendants to withdraw the subpoena within three days of receipt of the letter. EMM advised: "If you fail to do so, EMM will move to quash the

Subpoena, and will also seek its attorney fees and costs in accordance with Federal Rule of Civil Procedure 45." [*Id.* at 1.] However, EMM also said that if Defendants were unwilling to withdraw the subpoena within three days, its counsel were "available to conduct a telephonic conference regarding the subpoena." [*Id.* at 3.]

On December 28, 2015, counsel for EMM and the State had a telephonic conference to discuss the subpoena, and the State agreed to narrow the scope of the requests for production as EMM's counsel proposed. EMM memorialized the agreement in a letter, dated January 14, 2016, indicating it had agreed to produce materials identified in the letter. [Doc. 95-3 at 2.] Despite narrowing the discovery requests, EMM contends that the subpoena still requested documents that were unduly burdensome to provide and confidential, including documents that were available from Plaintiff or in the State's own records. In its January 14 letter, EMM stated that it "reserves the right to move to quash the Subpoena" but "would like to continue our good faith efforts to resolve this discovery matter *without the need for court intervention*." [*Id.* at 1 (emphasis added).] Before concluding the letter, EMM reiterated that it "continues to have numerous valid objections, and numerous bases upon which to move to quash the Subpoena (and it reserves the right to raise additional objections and/or arguments as they are warranted)…." [*Id.* at 2.] But nowhere does this letter mention attorney's fees or request reimbursement of fees from Defendants.

On January 29, 2016, EMM produced documents as it indicated it would do in its January 14 letter. The documents were "primarily responsive to Paragraphs 2 and 3 of

3

the Subpoena." [Doc. 95-5 at 1.] The letter accompanying EMM's production stated in relevant part:

> EMM continues to have numerous valid objections and bases upon which to move to quash the Subpoena (and it reserves the right to raise additional objections and/or arguments as they are warranted), but has agreed to produce the attached materials, while reserving all rights. In conjunction with EMM's production in this regard, please find enclosed an invoice for EMM's efforts in responding to the Subpoena, including its efforts in identifying, assembling, and preparing the responsive materials for production. Please remit payment in that amount ….

[Doc. 95-5 at 2-3.] A few months later, EMM again requested the State to pay EMM's fees incurred in responding to the subpoena. [Doc. 95-6.]

Although the State was willing to pay the copying costs "related to the voluntary production of documents" [Doc. 95-7], it refused to pay the attorney's fees. It argued that the imposition of fees was inappropriate because EMM did not move to quash the subpoena, the State did not move to compel production, and EMM did not inform the State that it would seek reimbursement until after it produced the documents. (Actually, as noted above, EMM notified the State in conjunction with its production.) Moreover, the State said that during the December 28 conference call, neither of EMM's counsel discussed the possibility of EMM seeking costs after producing the documents in response to the narrowed scope of the production requests. [Doc. 95-7 at 2.]

*Discussion*

EMM contends that the subpoena subjected it to undue burden and expense, was grossly overbroad, and sought production of patently irrelevant information since the categories of information sought "were not limited in any way and included information

4

and communications that are not related to the present matter." [Doc. 95 at 3.] By way of example, EMM states that the subpoena sought all non-privileged documents related in any way to the U.S. Refugee Resettlement Program, including information unrelated to the Syrian refugees, and information about refugees being resettled in other states. It also argued that the subpoena sought security-related documents that it didn't have and communications containing confidential medical and personal information about refugees. EMM objects to the four-year duration covered by the subpoena as well, and it argues that the State's separate discovery requests to EMM and Plaintiff included overlapping categories. Furthermore, EMM argues that the subpoena sought documents that were confidential under Section 222(f) of the Immigration and Nationality Act. Finally, it submits that the subpoena violated the geographic limits in Federal Rule of Civil Procedure 45(c)(2)(A).

Defendants oppose the petition, arguing that EMM is not entitled to fees short of a court order directing the production of documents or a prior agreement to pay fees. It contends that otherwise, a party seeking documents would be responsible to a nonparty "that racked up unreasonable attorney fees without any warning to the requesting party," [Doc. 96, Defs.' Opp'n, at 1], which it claims EMM did here.

In reply, EMM states that it seeks fees for 68.8 total hours expended in responding to the discovery requests, including responding to the initial subpoena, reviewing documents responsive to the requests, negotiating what documents would be produced, and communicating with EMM, Plaintiff, and Plaintiff's counsel. When it was all said and done, EMM produced "roughly 100 pages" of documents. [Doc. 100, EMM's Reply,

5

at 2.] EMM has offered to submit "more detailed invoices to the Court for in camera inspection" if the Court deems it necessary. [*Id.* at 6 n.1.]

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas and their issuance. "A subpoena may command … production of documents … at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A). The rule further provides for the protection of persons subject to a subpoena. It requires one issuing or serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). And it imposes upon the court where compliance is required a responsibility to "enforce this duty and impose an appropriate sanction—which may include … reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

EMM grounds its request for attorney's fees on Rule 45(d)(2)(B)(ii). Under Rule 45(d)(2)(B), a person commanded to produce documents, may serve a written objection to copying the materials requested. Furthermore,

> If an objection is made, the following rules apply:
> (i)   At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
> (ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2)(B).

EMM did not provide the documents responsive to the subpoena under a court order compelling production. Indeed, there is no order compelling production as

6

provided for in Rule 45(d)(2)(B). Thus, the provision on which EMM relies in seeking attorney's fees, is inapplicable. In addition, EMM did not make Defendants' agreement to reimburse its costs or pay its attorney's fees a condition of EMM's production of the documents. Nor did EMM provide Defendants with adequate notice that it would seek reimbursement of fees and costs. Despite purporting to "reserve rights," EMM made only one mention of fees—in its initial correspondence to Defendants dated December 18, 2015. That letter stated that EMM "will move to quash the Subpoena, *and* will also seek its attorney fees and costs in accordance with [Rule 45]." (Emphasis added). Defendants reasonably understood EMM as warning that it might move to quash the subpoena *and* in conjunction with such a motion, seek fees and costs. But EMM never moved to quash the subpoena.

Rather, it chose to negotiate with the State in an effort to reach an amicable resolution of the discovery dispute—without court intervention. Thereafter, EMM worked to resolve the discovery disputes regarding the subpoena, but it did not give Defendants notice of its intent to seek reimbursement of fees. EMM's assertion aside, the record before the undersigned does not show that EMM "consistently maintained its intent to seek fees." [Doc. 95 at 9.] In fact, after EMM undertook its efforts to resolve the dispute without court intervention, it failed to mention reimbursement of its attorney's fees until it produced documents in accordance with the parties' agreement to narrow the discovery requests. By then it was too late. EMM had produced the documents and had incurred its fees. There was nothing more Defendants could have done to avoid the fees already incurred—all without fair warning that an invoice for

7

fees would accompany EMM's production. Therefore, the undersigned finds that EMM's petition for attorney's fees should be denied. None of the cases cited by EMM, none of which are binding on this Court, compels or even counsels in favor of a different outcome given the circumstances presented in this case.

But what about the duty on one issuing a subpoena to take reasonable steps to avoid imposing under burden or expense on the party subject to the subpoena, and the compliance court's responsibility to enforce that duty? EMM has not shown that the subpoena imposed an undue burden or expense on it, particularly one amounting to more than $11,000 in fees. By directing EMM, which is in New York, New York, to produce documents at Defendants' counsel's offices in Indianapolis, Indiana, the subpoena violated the geographic limits specified in Rule 45(c)(2)(A). Thus, EMM did not have to produce any documents and could have moved to quash the subpoena. And such a motion most likely would have been granted, relieving EMM of the burdens and expense of production. That said, the Court appreciates EMM's efforts to reach an agreed resolution of the discovery dispute, but that agreement should have included an agreement from Defendants to reimburse its fees, or an express reservation of EMM's right to seek a court order as to fees. Besides, EMM had a chance to support its request for fees with sufficient documentation (such as time entries and an affidavit or other evidence regarding the work performed and counsel's hourly rates), but it failed to do so. Although it has indicated that it is willing to submit more detailed invoices if the Court finds it necessary, the time for doing so has passed.

Moreover, having timely served its objections to the subpoena, EMM was no longer under any obligation to produce the requested documents—not unless and until ordered to do so by the Court. *See S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (stating that "intervening court involvement is required prior to initiation of contempt proceedings if the recipient of the subpoena serves a written objection on the party or attorney designated in the subpoena" and "[o]n receipt of such an objection, the party serving the subpoena 'may move the issuing court for an order compelling production or inspection,' and the production or inspection 'may be required only as directed in the order.'") (quoting Fed. R. Civ. P. 45(d)(2)(B)(i), (ii)).  EMM voluntarily produced documents and failed to either obtain Defendants' agreement to reimburse its attorney's fees or expressly reserve its right to seek court-ordered reimbursement.  No sanctions under Rule 45(d)(1) would be appropriate.

*Conclusion*

For the foregoing reasons, *Nonparty Episcopal Migration Ministries' Petition for Fees* [doc. 95] is **DENIED**.

DATED: 07/20/2016

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record